UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

CASE NO. 22-23096-CIV-SCOLA/SANCHEZ

RMK MERRILL STEVENS LLC,

     Plaintiff,

v.

M/Y "LIFESTYLE," *et al.*,

     Defendants.

_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT USAA FEDERAL SAVINGS BANK

This matter is before the Court on Plaintiff RMK Merrill Stevens LLC's Motion for Final Default Judgment Against Defendant USAA Federal Savings Bank ("USAA"), ECF No. 47.[1] USAA did not respond to the operative First Amended Verified Complaint, ECF No. 40 (the "Amended Complaint"), or to the Motion for Clerk's Entry of Default, ECF No. 45, and the deadlines to do so have long passed. After careful consideration of the Plaintiff's filings, the record, and the applicable law, and the undersigned being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that: (1) the Plaintiff's Motion for Final Default Judgment Against Defendant USAA Federal Savings Bank, ECF No. 47, be **DENIED**; (2) the Clerk's Entry of Default as to USAA, ECF No. 46, be **STRICKEN**; and (3) Count III of the Amended Complaint be **DISMISSED**.

---

[1] The Honorable Robert N. Scola, Jr., United States District Judge, referred this matter to the undersigned for a Report and Recommendation. ECF No. 48.

# I.     BACKGROUND

On September 23, 2022, the Plaintiff filed a Verified Complaint against Defendants M/Y "LIFESTYLE" (the "Vessel"), Aaron Starks, and Carlicha Starks seeking damages for the Starks's alleged breach of a May 13, 2021 maritime contract for the payment of work, repairs, and storage benefitting the Vessel (Counts II and III) and to enforce and foreclose a maritime necessaries lien arising from that contract (Count I). *See* ECF No. 1.  The Court granted the Plaintiff's Motion for Default Judgment against the Vessel and directed the U.S. Marshal to sell the Vessel.  ECF Nos. 31, 32.  In its Order directing the sale of the Vessel, the Court stated that the sale "shall be 'as is, where is' and free and clear of all liens and encumbrances, and pre-existing claims on the vessel, whether recorded or otherwise."  ECF No. 31 at ¶ 13.  On March 23, 2023, the Vessel was sold to the Plaintiff at a U.S. Marshal auction for a credit bid of $5,000.00.  ECF No. 33.  The sale was confirmed on April 11, 2023.  ECF No. 35.

Shortly thereafter, the Plaintiff entered into a contract to sell the Vessel.  ECF No. 40 at ¶ 37.  However, despite the fact that the Marshal's sale of the Vessel "extinguished all liens and encumbrances" concerning the Vessel, USAA's electronic lien on the Vessel still appears in state records when a "vehicle information check" is conducted.  *Id.* at ¶ 38.  Counsel for the Plaintiff attempted to contact USAA about the electronic lien several times in April and May 2023, but USAA never responded to the Plaintiff's written correspondence.  *Id.* at ¶¶ 40-41, 43.

Thereafter, on July 24, 2023, the Plaintiff amended its Verified Complaint to remove Aaron Starks as a defendant and to add USAA.  ECF No. 40.  In the Amended Complaint, Plaintiff re-asserted both its *in rem* admiralty claim against the Vessel to foreclose the maritime necessaries lien arising from the Plaintiff's May 13, 2021 contract with Carlicha Starks concerning the Vessel (Count I) and its *in personam* admiralty claim against Carlicha Starks for breach of that maritime contract (Count II).  ECF No. 40 at 6-9.  Plaintiff also added a claim against USAA for declaratory

relief and damages based on USAA's failure, following the Marshal's sale of the Vessel, to remove an electronic lien that was still appearing in Florida records (Count III).  ECF No. 40 at 9-11. USAA was served with the Amended Complaint on August 4, 2023, ECF No. 44, and had until August 25, 2023, to answer or defend, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), but USAA never answered or otherwise appeared in the case.  The Plaintiff sought a clerk's default against USAA, which was entered on August 29, 2023.  ECF No. 46.  The Plaintiff now seeks a final default judgment against USAA.[2]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 contains a two-step process by which a party may obtain a default final judgment.  Fed. R. Civ. P. 55.  For any defendant that fails to plead or otherwise defend against a lawsuit, the Clerk may enter a clerk's default.  Fed. R. Civ. P. 55(a).  Thereafter, "[p]ursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint." *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1258 (S.D. Fla. 2016).

A Clerk's entry of default, however, does not automatically entitle a plaintiff to a default judgment.  *See, e.g.*, *Cohan v. Baby Marathon, LLC*, No. 20-60185-CIV-WILLIAMS/VALLE, 2020 WL 6731041, at *1 (S.D. Fla. Oct. 27, 2020) (explaining that a motion for default judgment "is not granted as a matter of right"), *report and recommendation adopted*, 2020 WL 6729393 (S.D. Fla. Nov. 16, 2020).  "Prior to entering a default judgment, the Court must ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defendant, the defendant has been properly served, and the complaint adequately states a claim upon which relief may be granted." *Verdejo v. HP Inc.*, No. 21-20431-CIV-SCOLA, 2021 WL 5933727, at *12 (S.D.

---

[2] The Plaintiff has also filed a separate Motion for Default Judgment against Carlicha Starks.  ECF No. 50.  That motion will be addressed in a separate Report and Recommendation.

Fla. Nov. 8, 2021) (citing *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001)), *appeal dismissed*, No. 21-14267-JJ, 2022 WL 758024 (11th Cir. Jan. 20, 2022).  "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

### III.    ANALYSIS

In Count III of the Amended Complaint—the only count against USAA—the Plaintiff seeks a judgment that orders USAA to remove the electronic lien on the Vessel, that orders USAA to pay a share of the custodia legis fees, and that awards damages, prejudgment interest, and court costs to the Plaintiff.  ECF No. 40 at 11.  As explained below, however, Plaintiff's Count III claim against USAA must be dismissed for lack of subject matter jurisdiction, and, in any event, that claim fails to state a claim upon which relief can be granted.

### A.  *The Court lacks subject matter jurisdiction over Count III.*

The Plaintiff asserts that the Court has subject matter jurisdiction over its Count III claim against USAA under 28 U.S.C. § 1367 "in accordance with the principles of supplemental jurisdiction" because "the lien status dispute" with USAA "arose directly out [of] the maritime lien foreclosure action and subsequent sale of the Vessel."  ECF No. 40 at ¶ 7.

To enter a default judgment, the Court must have subject-matter jurisdiction over the claim against a defendant; otherwise, the default judgment would be void.  *See Kivisto v. Kulmala*, Case No. 11-CV-81135-RYSKAMP/VITUNAC, 2012 WL 13019213, at *3 n.2 (S.D. Fla. Mar. 16, 2012) (citing *Patray v. Nw. Pub., Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996)); *see also Armstrong v. United States*, No. 21-10200, 2021 WL 6101492, at *1 (11th Cir. Dec. 21, 2021) (concluding that district court "did not err by denying [plaintiff's] motion for default judgment because, given [court's] lack of subject matter jurisdiction, it was powerless to do anything else").  Indeed, a court must examine whether it has subject matter jurisdiction at any stage of the proceedings where that

jurisdiction may appear in doubt, regardless of whether the issue is raised by the parties. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (recognizing court's obligation to determine the existence of subject matter jurisdiction even absent a challenge from any party).

Where a district court has original jurisdiction over an action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Such supplemental jurisdiction extends to claims that arise from the same common nucleus of operative facts as a claim over which the Court has original jurisdiction. *See Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) ("The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim."); *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (same). "In determining if claims derive from a common nucleus of facts," such that the claims fall within the Court's supplemental jurisdiction, "the Court should ask whether the claims arise from the same facts or involve similar occurrences, witnesses, or evidence." *Nicopior v. Moshi Moshi Palm Grove, LLC*, 375 F. Supp. 3d 1278, 1285 (S.D. Fla. 2019) (Torres, J.) (citing *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996)); *see also Kleiman v. Wright*, 2023 WL 2572242, at *3 (S.D. Fla. Mar. 20, 2023) (finding no common nucleus of facts between initial dispute over the legal rights to intellectual property and new dispute

that arose during litigation about who controls and has decision-making authority for a party), *objections overruled*, 2023 WL 3834500 (S.D. Fla. June 6, 2023).

Here, the question of USAA's liability for failure to remove its electronic lien on the Vessel after the Vessel was sold at the Marshal's auction does not arise from the same common nucleus of facts as the admiralty claims that have been asserted in this case.  Those admiralty claims involve the alleged breach of a May 13, 2021 maritime contract between the Plaintiff and Carlicha Starks that obligated Starks to pay for work, repairs, and storage concerning the Vessel (Count II) and the enforcement of a maritime necessaries lien against the Vessel that arose out of that maritime contract (Count I).  The facts giving rise to those claims occurred prior to the commencement of this action and prior to the U.S. Marshal's sale of the Vessel.  Those facts involve the execution of the May 13, 2021 maritime contract between the Plaintiff and Carlicha Starks, the Plaintiff's rendering of services to the Vessel pursuant to that contract, and Starks's non-payment of her obligations under that contract.  In contrast, the claim against USAA is based on facts that are temporally distinct and that occurred long afterward, that is, *after* the commencement of this action, *after* the Court's February 16, 2023 entry of default judgment against the Vessel, *after* the Court's February 16, 2023 order directing the Marshal to sell the Vessel at auction "free and clear of all liens and encumbrances," and *after* the Marshal's sale of the Vessel in March 2023.[3]  Indeed, the claim against USAA has nothing whatsoever to do with the facts underlying Counts I and II, which facts involve the maritime agreement between the Plaintiff and Carlicha Starks for work and storage concerning the Vessel, the Plaintiff's rendering of repair and storage services, and whether Carlicha Starks breached the maritime agreement with Plaintiff when she failed to pay for

---

[3] The Plaintiff has even acknowledged that the dispute that is the subject of Count III "arose after the U.S. Marshal sale of the Vessel."  ECF No. 40 at ¶ 61; *see also* ECF No. 38 at 4 (asserting that "the USAA dispute did not arise until after the sale of the Vessel").

Plaintiff's services pursuant to the contract.  Rather, the claim that the Plaintiff asserts against USAA is based on a completely different set of facts involving actions that were taken during the course of the proceedings in this case by the Court and by the U.S. Marshal—not by the Plaintiff or by Carlicha Starks—and the subsequent acts (or inaction) of USAA in response to the Court's entry of a default judgment against the Vessel, the Court's Order directing the sale of the Vessel, and the Marshal's sale of the Vessel.  The facts underlying the Count II breach of contract claim against Carlicha Starks and the Count I claim seeking to enforce a maritime necessaries lien based on that contract simply do not share a common nucleus of operative facts with the Count III claim against USAA for its actions (or inaction) concerning a different and unrelated lien after the Court entered a default judgment against the Vessel, after the Court ordered the sale of the Vessel, after the Marshal sold the Vessel, and after all pre-existing liens were, in the words of the Amended Complaint, "terminated" and "extinguished" and are "no longer exist[ing]."  *See* ECF No. 40 at ¶¶ 38-39, 63, 65.

Because Count III does not arise from the same common nucleus of operative facts as Counts I or II, the Court lacks supplemental jurisdiction over Count III.  *See Upper Chattahoochee Riverkeeper Fund, Inc.*, 701 F.3d at 679.  Because Plaintiff's only basis for invoking the Court's subject matter jurisdiction over Count III fails, the Court lacks subject matter jurisdiction over Count III and is powerless to grant a default judgment or any other relief requested in Count III.[4]

---

[4] Here, the Count III claim against USAA does not invoke either the Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 or the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333(1), *see* ECF No. 40 at ¶ 7, and the undersigned notes that the fact that the Plaintiff seeks a declaratory judgment against USAA pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, *see* ECF No. 40 at ¶ 6, also does not confer subject matter jurisdiction on the Court.  "[T]he Declaratory Judgment Act does not enlarge [a federal court's] jurisdiction"; rather, to establish subject matter jurisdiction, "the plaintiff must still assert 'an underlying ground for federal court jurisdiction.'"  *Patel v. Hamilton Med. Ctr.*, 967 F.3d 1190, 1194 (11th Cir. 2020) (quoting *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1253 (11th Cir. 2003)).

**B.  <u>*The Plaintiff failed to state a claim upon which relief can be granted.*</u>**

The undersigned additionally notes that, even if supplemental jurisdiction existed under 28 U.S.C. § 1367(a), the Plaintiff has failed to state a cognizable claim for which the Court can grant relief.

"[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).  To adequately state a claim for relief, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The allegations in the Plaintiff's Amended Complaint, which are accepted as true as to USAA due to its default, establish the following.  The Vessel was sold at a U.S. Marshal auction to the Plaintiff on March 23, 2023.  ECF No. 40 at ¶ 35; *see* ECF No. 35 (Clerk's Confirmation of Sale).  Pursuant to the Court's Order, the sale was free and clear of all liens.  ECF No. 40 at ¶¶ 35, 65; ECF No. 31 at ¶ 13.  However, USAA's electronic lien still appears when a vehicle information check is conducted of the Vessel.  ECF No. 40 at ¶ 38; ECF No. 40-4.  After the U.S. Marshal's sale, counsel for the Plaintiff attempted to contact USAA about the electronic lien several times in April and May, 2023, but USAA never responded to the Plaintiff's written correspondence.  ECF No. 40 at ¶¶ 40-41, 43.  USAA, however, has been unwilling to remove the electronic lien after the Vessel's March 23, 2023 sale, and USAA employees have advised the Plaintiff that they are "unable to release the lien without speaking to [Carlicha] Starks."  ECF No. 40 at ¶¶ 42, 63, 68. According to the Plaintiff, the Florida Department of Highway Safety and Motor Vehicles

("FLHSMV") has advised that only the lienholder (USAA) can release an electronic lien.  ECF No. 40 at ¶ 39.  The Plaintiff has suffered damages due to the appearance of the electronic lien, including being unable to complete a sale to a willing buyer who conducted the vehicle information check.  ECF No. 40 at ¶ 70.  The Plaintiff seeks $40,888.66 in custodia legis fees incurred and owed by the Vessel through the Confirmation of Sale and $22,847.50 in storage costs incurred between the failed first sale of the Vessel and the final, successful sale.  ECF No. 47 at 4.

On these alleged facts, the Plaintiff has failed to state a claim against USAA upon which relief can be granted.  The Plaintiff has failed to allege facts showing that USAA had an obligation to release its electronic lien where Plaintiff acknowledges that the lien was already "terminated at the US Marshal Sale" and "no longer exist[ed]" due to Judge Scola's Order and the Marshal's subsequent sale of the Vessel.  ECF No. 40 at ¶¶ 38-39, 63; *see also* ECF No. 40 at ¶ 65 ("All liens were terminated by the United States Marshal auction in accordance with the court's order and maritime law.").  Indeed, the Plaintiff identifies no authority that required USAA to take any particular action with respect to a judicially-nullified lien that FLHSMV nonetheless continued to list, and Plaintiff's allegations further fail to establish when and under what circumstances USAA would have become legally obligated to take action to address FLHSMV's erroneous continued listing of the terminated lien.  In short, Count III of the Amended Complaint fails to allege facts establishing that USAA had an obligation to take steps to ensure that FLHSMV, a state agency, honored and gave effect to Judge Scola's Order and stopped listing the lien on the Vessel after the Vessel was sold at the Marshal's auction.

Given these alleged circumstances, the Plaintiff has failed to establish that it is entitled to damages from USAA for its claimed failing, and, moreover, the Plaintiff's allegations fail to connect the damages it seeks from USAA to the electronic lien that was still appearing in state

records after the lien was judicially terminated.  Indeed, the requested damages include damages for the period before the sale of the Vessel when USAA's lien had not yet been terminated pursuant to the Court's Order.  Additionally, given that, as the Plaintiff concedes, the USAA lien has already been terminated by the Court's Order and the Marshal's subsequent sale of the Vessel, it is also unclear what the Court could further declare about the lien that would redress the Plaintiff's claims. Based on the Plaintiff's allegations, the issue with the still-appearing USAA lien is not the legal status of the lien, but rather FLHSMV's failure to recognize and give effect to the Order that already terminated that lien.

Here, without a cognizable theory of liability that establishes a basis upon which relief can be granted against USAA, the Court cannot grant a default judgment against USAA.  *See, e.g.*, *Chudasama*, 123 F.3d 1353, 1370 n.41.

## IV.    CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that:

1.  The Court **DENY** the Plaintiff's Motion for Final Default Judgment Against USAA, ECF No. 47;

2.  The Court **STRIKE** the Clerk's Entry of Default as to USAA, ECF No. 46; and

3.  The Court **DISMISS** Count III of the First Amended Verified Complaint, ECF No. 40.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robert N. Scola, Jr., United States District Judge.  Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir.

R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

      **RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 12th day of July 2024.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Robert N. Scola, Jr.
       Counsel of Record