United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| RMK Merrill Stevens LLC, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-23096-Civ-Scola |
| | ) | |
| M/Y "Lifestyle," and others, | ) | |
| Defendants. | ) | |

## Order on Magistrate Judge's Report and Recommendations

      The Plaintiff's motion for default judgment against Defendant USAA Federal Savings Bank (ECF No. 47) was referred to United States Magistrate Judge Eduardo I. Sanchez for a Report and Recommendations. (ECF No. 48.) On July 12, 2024, Judge Sanchez issued a report (Rep. & Recs., ECF No. 54), recommending that the Plaintiff's motion for default judgment be denied, the clerk's entry of default with respect to USAA be stricken, and that Count III of the Amended Complaint be dismissed. Judge Sanchez's recommendations were based on his findings that the Court lacked subject matter jurisdiction over the Plaintiff's claim against USAA "and, in any event, that claim fails to state a claim upon which relief can be granted. (Rep. & Recs. at 4.) The Plaintiff has filed limited objections. (ECF No. 55.) After a careful, de novo review, the Court adopts the report's recommendations, clarifying only that that Judge Sanchez's conclusion that the Plaintiff failed to state a claim upon which relief can be granted was in the alternative and is not itself a final judgment on the merits. Accordingly, the Court largely **adopts** Judge Sanchez's report and recommendations (**ECF No. 54**), thus **denying** the Plaintiff's motion for default judgment against USAA (**ECF No. 47**), **striking** the Clerk's Entry of Default (**ECF No. 46**), and **dismissing** Count III of the Amended Complaint **without prejudice**. Therefore, the Court **grants in part** and **overrules in part** the Plaintiff's objections (**ECF No. 55**), as more fully explained below.

      The Plaintiff does not object to Judge Sanchez's finding that the Court lacks subject matter jurisdiction over Count III and that therefore its motion for default judgment should be denied. (ECF No. 55 at 1.) Rather, the Plaintiff objects to Judge Sanchez's findings that it failed to state a claim upon which relief can be granted "in order to preserve any issues addressed as they relate to the remaining claims, enforcing existing court orders, and/or res judicata on the basis of failure to state a claim." (ECF No. 55 at 1.)

The Court agrees with Judge Sanchez that it lacks subject matter jurisdiction over Claim III of the amended complaint. The Plaintiff does not assert that there is federal question or admiralty and maritime jurisdiction. Additionally, Count III seeks a total of $63,736.16 from USAA (ECF No. 47 at 4.) Therefore, there is also no diversity subject matter jurisdiction. *See* 28 U.S.C. § 1332. Finally, the Plaintiff does not dispute that the claim against USAA does not arise from a common nucleus of operative facts as Counts I and II of the amended complaint, claims over which this Court does have subject matter jurisdiction. Thus, the Court does not have supplemental jurisdiction. *See* 28 U.S.C. § 1367(a); *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (explaining that 28 U.S.C. § 1367(a) "confers supplemental jurisdiction over all claims which arise out of a common nucleus of operative fact with a substantial federal claim").

Because the Court lacks subject matter jurisdiction over Count III, it is "obligated" to dismiss that count of the amended complaint. *Armstrong v. United States*, 2021 WL 6101492, at *1 (11th Cir. Dec. 21, 2021). Moreover, without subject matter jurisdiction, the Court may not consider the merits of Count III. *See id.* ("Indeed, a court may not consider the merits of a complaint unless and until it is assured of its subject matter jurisdiction.") (cleaned up). Therefore, though Judge Sanchez's conclusion that Count III fails to state a claim upon relief may be granted is well-reasoned and most likely correct, the Court agrees with the Plaintiff to the extent that Judge Sanchez's findings with respect to the sufficiency of Count III should not be given final effect. (ECF No. 55 at 1.) Because the Court lacks subject matter jurisdiction, it will not address whether Count III, if the Court had jurisdiction, states a claim upon which relief may be granted.

In sum then, the Court largely **adopts** Judge Sanchez's report and recommendations (**ECF No. 54**), clarifying only that Judge Sanchez's conclusion that the Plaintiff failed to state a claim upon which relief can be granted was in the alternative and is not itself a final judgment on the merits. Accordingly, the Court largely **adopts** Judge Sanchez's report and recommendations (**ECF No. 54**), thus **denying** the Plaintiff's motion for default judgment against USAA (**ECF No. 47**), **striking** the Clerk's Entry of Default (**ECF No. 46**), and **dismissing** Count III of the Amended Complaint **without prejudice**. Therefore, the Court **grants in part** and **overrules in part** the Plaintiff's objections (**ECF No. 55**).

**Done and ordered** in Miami, Florida, on August 20, 2024.

_____
Robert N. Scola, Jr.
United States District Judge