UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

CASE NO. 22-23096-CIV-SCOLA/SANCHEZ

RMK MERRILL STEVENS LLC,

    Plaintiff,

v.

M/Y "LIFESTYLE," *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR
FINAL DEFAULT JUDGMENT AGAINST CARLICHA STARKS**

This matter is before the Court on Plaintiff RMK Merrill Stevens LLC's Motion for Final Default Judgment Against Carlicha Starks, ECF No. 50.[1] Carlicha Starks did not respond to the Verified Complaint, ECF No. 1 (the "Complaint"), the Motion for Clerk's Entry of Default, ECF No. 22, or the Motion for Final Default Judgment, and the deadlines to do so have long passed. After careful consideration of the Plaintiff's filings, the record, and the applicable law, and the undersigned being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Final Default Judgment Against Carlicha Starks, ECF No. 50, be **GRANTED**.

    **I.    BACKGROUND**

This is a case for breach of a maritime contract. On or about May 13, 2021, Carlicha Starks ("Starks") entered into a Service Work and/or Dockage Agreement (the "Agreement") with

---

[1] The Honorable Robert N. Scola, Jr., United States District Judge, referred this motion to the undersigned for a Report and Recommendations. ECF No. 51.

Plaintiff for repairs, work, and storage benefitting Defendant M/Y "LIFESTYLE" (the "Vessel"). ECF No. 40 at ¶ 16; ECF No. 1 at ¶ 13; *see* ECF Nos. 40-2, 1-2 (Agreement). The Vessel arrived at Plaintiff's marina the same day, and, since then, Plaintiff provided storage, work, and repairs to the Vessel. ECF No. 40 at ¶¶ 20-21; ECF No. 1 at ¶¶ 17-18. Plaintiff periodically invoiced Starks for the repairs and storage, but Starks has never responded to Plaintiff's payment requests. ECF No. 40 at ¶¶ 22-24; ECF No. 1 at ¶¶ 19-21.

On September 23, 2022, the Plaintiff filed its Complaint against the Vessel, Aaron Starks, and Carlicha Starks seeking damages for the alleged breach of the Agreement (Counts II and III) and to enforce and foreclose a maritime necessaries lien arising from that Agreement (Count I). *See* ECF No. 1. The Court appointed Plaintiff as substitute custodian of the Vessel on September 30, 2022, and the U.S. Marshal arrested the Vessel on October 7, 2022. ECF Nos. 7, 15.

Starks was served with the Complaint on November 10, 2022, ECF No. 19, and had until November 29, 2022, to answer or defend, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), but she never answered or otherwise appeared in the case. The Plaintiff sought a clerk's default against Starks, which was entered on December 8, 2022. ECF No. 23.

Thereafter, on July 24, 2023, the Plaintiff amended its Complaint to remove Aaron Starks as a defendant and to add USAA. ECF No. 40 (the "Amended Complaint"). In the Amended Complaint, Plaintiff re-asserted both its *in rem* admiralty claim against the Vessel to foreclose the maritime necessaries lien arising from the Plaintiff's Agreement with Starks concerning the Vessel (Count I) and its *in personam* admiralty claim against Starks for breach of the Agreement (Count II).[2] ECF No. 40 at 6-9. Plaintiff also added a claim against USAA for declaratory relief and

---

[2] Although the Clerk's default as to Starks was entered for non-response to the Complaint, the Court granted Plaintiff leave to file an amended complaint. ECF No. 39. Because the claim against Starks is the same in both the Complaint and the Amended Complaint, *compare* ECF No. 1 (Count III), *with* ECF No. 40 (Count II), service of the Amended Complaint on Starks was not required. *See Campbell v. Bennett*, 47 F.4th 1362, 1366 (11th Cir. 2022) (explaining that, "under Rule 5,

damages based on USAA's failure, following the Marshal's sale of the Vessel, to remove an electronic lien that was still appearing in Florida records (Count III).[3] *Id.* at 9-11.

After amending the complaint, the Plaintiff then filed the instant motion seeking final default judgment against Starks.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 contains a two-step process by which a party may obtain a default final judgment. Fed. R. Civ. P. 55. For any defendant that fails to plead or otherwise defend against a lawsuit, the Clerk may enter a clerk's default. Fed. R. Civ. P. 55(a). Thereafter, "[p]ursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint." *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1258 (S.D. Fla. 2016).

A Clerk's entry of default, however, does not automatically entitle a plaintiff to a default judgment. *See, e.g.*, *Cohan v. Baby Marathon, LLC*, No. 20-60185-CIV-WILLIAMS/VALLE, 2020 WL 6731041, at *1 (S.D. Fla. Oct. 27, 2020) (explaining that a motion for default judgment "is not granted as a matter of right"), *report and recommendation adopted*, 2020 WL 6729393 (S.D. Fla. Nov. 16, 2020). While it is true that a defendant who defaults admits the well-pleaded allegations of fact in the complaint, a defaulting defendant does not admit any facts that are pleaded insufficiently or are mere conclusions of law. *Id.*; *see also, e.g.*, *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (explaining that

---

service of an amended complaint on a defaulted party is required *if it contains a new claim for relief* of which the defendant would not be on notice of via the allegations in the original complaint or the statutes charged therein") (emphasis added) (construing *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982)).

[3] That claim has been addressed separately, *see* ECF Nos. 54, 56, and is not the subject of this Report and Recommendation.

the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "is equally applicable to a motion for default judgment"). Accordingly, an admission of the allegations in the complaint, by itself, may or may not be sufficient to grant default judgment. *See Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("[T]he defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief."); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).

To adequately state a claim for relief, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the admitted facts are sufficient to establish liability, then the Court must ascertain the appropriate amount of damages. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Monetary damages can be awarded on default without a hearing when "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

### III.   LIABILITY

Count II of Plaintiff's Amended Complaint seeks damages from Starks for breach of the Agreement to repair and store the Vessel. ECF No. 40 at 9; *see also* ECF No. 1 at 7 (Count III). "It is well-established that a contract . . . to repair a vessel is a federal maritime contract." *F.W.F., Inc. v. Detroit Diesel Corp.*, 308 F. App'x 389, 391 (11th Cir. 2009). "The elements of a breach of contract claim under Florida law and admiralty law are the same: 'a plaintiff must prove (1) the terms of a maritime contract; (2) that the contract was breached; and (3) the reasonable value of the purported damages.'" *Am. Marine Tech., Inc. v. M/Y Alchemist*, 526 F. Supp. 3d 1236, 1247 (S.D. Fla. 2021) (quoting *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005)).

Here, the well-pleaded facts in the Amended Complaint, which are verified by Plaintiff's CFO, *see* ECF No. 40 at 12; *see also* ECF No. 1 at 9 (verification by Plaintiff's CEO), are sufficient to state a plausible claim for relief for breach of a maritime contract. Plaintiff has established that a valid and binding maritime contract indeed existed between it and Starks by alleging that Starks executed the Agreement and by attaching a copy of the Agreement, signed by Starks, to the Amended Complaint. *See* ECF No. 40 at ¶ 16; ECF No. 40-2; *see also* ECF No. 1 at ¶ 13; ECF No. 1-2 (attaching Agreement to the original Complaint). The Agreement obligated Starks to pay for work, repairs, and storage of the Vessel performed by Plaintiff. *See, e.g.*, ECF No. 40-2 at ¶¶ 15, 38; ECF No. 1-2 at ¶¶ 15, 38.

The Amended Complaint has also established that Plaintiff suffered damages as a result of Starks "breach[ing] the terms of the Agreement by failing to timely pay the amounts due," and her continued breach by failing to pay those amounts and the corresponding late fees. ECF No. 40 at ¶¶ 56-57; *see also* ECF No. 1 at ¶¶ 37-38 (same). Plaintiff attached to the Amended Complaint a statement listing the unpaid invoices for repair and storage fees under the Agreement. ECF No. 40 at ¶¶ 22, 58; *see* ECF No. 40-3; *see also* ECF No. 1 at ¶¶ 19, 39; ECF No. 1-3.

Accordingly, the well-pleaded factual allegations of Plaintiff's Amended Complaint properly allege the elements of Plaintiff's breach of contract claim. Moreover, the factual allegations in Plaintiff's Amended Complaint were verified by Plaintiff's CFO and substantiated by other evidence, further establishing Starks' liability. Thus, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate. *See Maersk Line A/S v. Haribo Food 2004, Inc.*, No. 20-20666-CIV, 2020 WL 13389300, at *3 (S.D. Fla. July 24, 2020) (recommending entry of final default judgment where "Plaintiff ha[d] produced invoices detailing what Defendants owe Plaintiff for its services. Plaintiff ha[d] also submitted affidavits in support of its motion. [Thus,] Plaintiff's well-pleaded allegations m[e]t all the requirements of a breach of maritime contract claim."),

5

*report and recommendation adopted*, 2020 WL 13389299 (S.D. Fla. Aug. 10, 2020); *see also King Ocean Servs., Ltd. v. Ziegler Logistics & Co.*, Case No. 23-cv-21062-WILLIAMS/REID, 2023 WL 9289066, at *3 (S.D. Fla. Dec. 29, 2023).

### IV.  RELIEF

Because Plaintiff has established Starks' liability, the Court must next address relief. In its motion, Plaintiff seeks reimbursement for service and dockage, custodia legis fees, attorney's fees, and costs. ECF No. 50 at 5.

**A. Service and Dockage Fees**

"An evidentiary hearing is not necessary where there is sufficient evidence on the record to support the request for damages." *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1263 (S.D. Fla. 2016); *see also S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone. We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted).

Here, a hearing is not necessary because Plaintiff has provided sufficient evidence to support its request for damages. In its motion, Plaintiff requests service and dockage fees in the amount of $176,498.42 pursuant to its Agreement with Starks. ECF No. 50 at 4; *see also* ECF No. 40-2. Plaintiff substantiated this amount with a statement of invoices (ECF No. 50-1) that was further supported by a Sworn Declaration of Karla Lopez, Plaintiff's Accounting Manager, confirming that the statement reflected the fees that were incurred for the services rendered by Plaintiff. *See* ECF No. 50-3 at ¶ 3; *see also* ECF No. 40 at ¶¶ 21-22; ECF No. 40-3; ECF No. 1 at ¶¶ 18-19; ECF No. 1-3. Accordingly, the undersigned finds that Plaintiff is entitled to $176,498.42 in service and dockage fees.

### B. Custodia Legis Fees

Plaintiff further requests "[c]ustodia legis fees incurred and owed for M/Y LIFESTYLE through the Confirmation of Sale, March 23, 2023, in the amount of $54,789.57." ECF No. 50 at 5. Generally, "services or property advanced to preserve and maintain the vessel under seizure, furnished upon authority of the court or of an officer of the court should be allowed as *custodia legis* expenses." *Associated Metals & Mins. Corp. v. Alexander's Unity MV*, 41 F.3d 1007, 1018 (5th Cir. 1995) (internal quotations and alterations omitted) (quoting *Gen. Elec. Credit & Leasing Corp. v. Drill Ship Mission Expl.*, 668 F.2d 811, 816 (5th Cir. 1982)).

Here, the Agreement provides for Plaintiff to recover custodia legis expenses when enforcing its maritime lien against the vessel. *See* ECF No. 40-2 at ¶ 47; ECF No. 1-2 at ¶ 47. Moreover, Plaintiff was operating under express authority from this Court. *See* ECF No. 7. On September 30, 2022, Judge Scola granted Plaintiff's motion to be appointed substitute custodian of the Vessel and ordered that "[a]ll reasonable expenditures which may be incurred by . . . the Substitute Custodian . . . in safekeeping and maintaining Defendant Vessel while she is in custodia legis, shall be administrative expenses in this action and a first charge on the Vessel herein, to be paid prior to the release of Defendant Vessel or the distribution of proceeds." *Id.* at 2. Plaintiff's request includes fees incurred between the date of its appointment as substitute custodian and the confirmation of sale, and Plaintiff substantiated this amount with a statement of invoices (ECF No. 50-2) that was supported by the sworn declaration of Karla Lopez confirming that the statement reflected the custodia legis fees that Plaintiff incurred for the Vessel. *See* ECF No. 50-3 at ¶ 4. Accordingly, the undersigned finds that Plaintiff is entitled to $54,789.57 in custodia legis fees. *See Rybovich Boat Co. v. M/Y BLUE STAR*, 546 F. Supp. 3d 1270, 1275-76 (S.D. Fla. June 30, 2021) (granting summary judgment on claim for custodia legis expenses when "[t]his Court, after all, *ordered* [Plaintiff] to expend these funds in the interests of *all* the lienholders in this case").

**C. Attorney's Fees and Costs**

Plaintiff also seeks attorney's fees and costs as the prevailing party in this case. Attorney's fees in admiralty cases are generally not recoverable "unless (1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees." *Natco Ltd. P'ship v. Moran Towing of Fla., Inc.*, 267 F.3d 1190, 1193 (11th Cir. 2001) (internal citation omitted); *see also RMK Merrill Stevens LLC v. Monaco*, Case No. 22-23210-CIV-WILLIAMS/REID, 2023 WL 3079624, at *3 (S.D. Fla. Mar. 9, 2023), *report and recommendation adopted*, 2023 WL 3075509 (S.D. Fla. Apr. 25, 2023). Paragraph 46 of the Agreement clearly addresses Starks' obligation to pay attorney's fees and costs: "Owner shall reimburse RMK MS for any and all expenses, including attorneys' fees, court costs, collection charges and fees incurred in enforcing any provision of this Agreement." ECF No. 40-2 at ¶ 46; ECF No. 1-2 at ¶ 46.

Turning to Plaintiff's request for costs, "[an admiralty] court has the widest latitude to insure that an injustice is not done by an inexorable rule that costs follow the decree." *Holden v. S.S. Kendall Fish*, 395 F.2d 910, 913 (5th Cir. 1968) (citation omitted). "Federal Rule of Civil Procedure 54(d) provides that the prevailing party is entitled to costs as a matter of course," and "[t]he Eleventh Circuit consistently supports shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." *Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1355 (S.D. Fla. 2008) (citing *Fireman's Fund Ins. Co. v. Tropical Shipping & Const. Co., Ltd.*, 254 F.3d 987, 1012 (11th Cir. 2001)).

Here, assuming this Report and Recommendation is adopted and default judgment is entered in favor of Plaintiff and against Defendant Starks, the Plaintiff will be the prevailing party in this action, and it will accordingly be entitled to attorney's fees and costs.

8

## V.   CONCLUSION

Based on the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Final Default Judgment Against Carlicha Starks, ECF No. 50, be **GRANTED** and that the Plaintiff be awarded:

(1) $176,498.42 in damages for service and dockage fees;

(2) $54,789.57 in custodia legis fees; and

(3) reasonable attorney's fees and costs.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation. Accordingly, within three (3) days from the date of this Report and Recommendation, that is, **by March 13, 2025**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robert N. Scola, Jr., United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 10th day of March 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Robert N. Scola, Jr.
      Counsel of Record